FILED US District Court-UT
SEP 14 '22 PM04:31

## In United States District Court For the District of Utah

| | |
|---|---|
| KEMING LU, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Supreme Court Case No. 20220539-SC |
| NORTHERN UTAH HEALTHCARE | ) |
| CORPORATION D.B.A. | ) Appellate Case No. 20220188-CA |
| ST. MARK'S HOSPITAL. | ) |
| | ) Case: 2:22-cv-00602 |
| Respondent. | ) Assigned To : Oberg, Daphne A. |
| | ) Assign. Date : 9/14/2022 |
| | ) Description: Lu v Northern Utah Healthcare et al |

### PETITION FOR WRIT OF CERTIORARI

Appeal from Utah Supreme Court on Petition for Writ of Certiorari

Lisa Hogan, Utah Bar No. 16233
Nicholas R. Santucci,
LLP 410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Telephone: (303) 223-1100
Email: lhogan@bhfs.com
nsantucci@bhfs.com
Kirsten R. Allen (15082)
215 South State Street,
Suite 1200 Salt Lake City, UT 84111
Telephone: (801) 531-8900
Email: kallen@fabianvancott.com
Attorneys for Respondent
Northern Utah Healthcare Corporation d/b/a St. Mark's Hospital

Petitioner, Keming Lu/Pro se
4531 Green Vista Ct
Salt Lake City, UT 84107
Telephone: (801) 205-4084

Email:kemingxj@yahoo.com

## QUESTION PRESENTED

Was this a violation of Petitioner's constitutional right when Petitioner's petition for testifying for herself on the very accused event in the trial of de novo was denied?

## COOPERATE DISCLOSE STATEMENT

1). Petitioner is an individual.

2). Petitioner does not have nor has access to gain the knowledge or information about it on St. Mark's Hospital Northern Utah Healthcare Corporation D. B. A.

3). Respondent will be able to provide the statement when It responds.

## TABLE CONTENTS

Question Presented..................................................................Page 2

Corporate Disclosure...............................................................Page 2

Table of Contents....................................................................Page 3

Table of Authorities.

    United States v. Gillenwater, 717 F. 3d 1070 ( 9th Cir. 2013)..........Page 4
    United States v. Vargas, 920 F. 2d 167 ( 2d Cir.1990 )..................Page 4
    Nichols v. Butler, 953  F. 2d 1550 ( 11th Cir. 1992 )......................Page 4

Citations of Opinions...............................................................Page 4

Basis of Jurisdiction................................................................Page 5

Constitutional Provision

    US Constitution, 5th, 7th, 14th Amendment ...............................Page 5
    42 United States Code Section 1983…………………..,….,……..Page 5

Statement of Case..................................................................Page 6-7

Reasons for Granting..............................................................Page 7-9

Conclusion.............................................................................Page 9

Appendix A.  Respondent's response to Interrogatory.....................Page 11

Appendix B.  Ms. Pitre's testimony at hearing ................................Page 12

Appendix C1. Signed termination form..........................................Page 13

Appendix C2. Recording at the termination meeting...................... .Page 14

Appendix D.  Order from Utah Supreme Court...............................Page 15

## TABLE AUTHORITIES

Cases:

United States v. Gillenwater, 717 F. 3d 1070 ( 9th Cir. 2013)

United States v. Vargas, 920 F. 2d 167 ( 2d Cir.1990 )

Nichols v. Butler, 953  F. 2d 1550 ( 11th Cir. 1992 )

## CITATIONS OF OPINIONS

1). United States v. Gillenwater, 717 F. 3d 1070 ( 9th Cir. 2013)

The defendant was represented by counsel at a competency hearing. The attorney refused to call him to the stand and the defendant complained — disruptively – and was removed from the courtroom. The Ninth Circuit holds that a defendant has the constitutional right to testify at his competency hearing, even over the advice of counsel.

2). United States v. Vargas, 920 F. 2d 167 ( 2d Cir.1990 )

Though declining the case on other grounds, the appellate court addressed the question of how a defendant should raise a claim that his attorney refused to call him to testify at trial. Without deciding the question, the court concludes that the defendant's failure to complain at trial does not amount to a waiver of this claim that he was denied to the constitutional right to testify.

3). Nichols v. Butler, 953  F. 2d 1550 ( 11th Cir. 1992 )

The defendant's attorney insisted that the defendant not testify in his own defense. The attorney threatened to withdraw if the client did testify. This violated the defendant's right to testify and required a new trial. The right to testify at trial cannot be forfeited by counsel, but only by a knowing , voluntary and intelligent waiver by the defendant himself. The right to testify in his own defense is a fundamental right. Rock v. Arkansas, 483 U.S.44 (1987). After hearing en banc, the decision was affirmed.

## BASIC JURISDICTIONS

United States District Court for District of Utah has jurisdiction over Utah Supreme Court on violations of the Constitutional rights Under 42 U.S.C. § 1983.

## CONSTITUTIONAL PROVISIONS AND STATUTES

US Constitution, 5th Amendment ...............Page 9

US Constitution, 7th Amendment ………….page 9

US Constitution, 14th Amendment .............Page 9

42 United States Code Section 1983………page 5,9

## STATEMENT OF THE CASE

Petitioner/Appellant, Keming Lu, Asian race, worked as an ultrasound technologist at St. Mark's Hospital for 21 years and was wrongfully terminated on August 30, 2018 for so-alleged sleeping while on duty on August 17, 2018. Petitioner filed a complaint alleging unlawful discrimination based on her race and national origin along with harassment and retaliation with Utah Labor Commission in February 2019 pursuant to Title VII of Civil Rights of Act of 1964 and The Utah Anti-discrimination Act of 1965, since Petitioner formally raised the issue of racial discrimination with Human Resources on August 10, 2018 and reported it to the hospital COO Mr. McKinley on August 23, 2018, then termination of the employment ensued a week later for an alleged incident on August 17, 2018.  An evidentiary hearing was held on April 29- 30 2021. At the hearing Respondent suddenly changed Its original account of so-called sleeping incident which was answered by Respondent in Interrogatory ( Appendix A ) into a totally different account of that event ( Appendix B) . In Response to Interrogatory No 2,  It stated: Ms. Pitre unlocked the door and found Petitioner asleep, as Ms. Pitre entered the room , Petitioner awoke and started at Ms. Pitre. Yet at hearing Ms. Pitre testified that she unlocked the door and told Petitioner the door need remain unlocked and grabbed the payroll book and left. The second time she come back, the doors weren't locked. She found Petitioner sleeping, and she put the payroll book back to the wall holder to make

a noise to wake Petitioner up. This sudden change of account of the event caught Petitioner off guard. Not only her prepared testimony could not be given but also she couldn't remember what Respondent was referring to at hearing since the incident was two years and eight months ago at the time of hearing. So Petitioner could not give her testimony on the suddenly changed version of the incident presented by Respondent at that moment in hearing but recalled later after hearing. So Petitioner first requested, then filed a Motion with Utah Court of Appeals to transfer the case to district court for a trial of de novo, so Petitioner could give her testimony on that event which was the only event for her termination on August 30, 2018 ( Appendix C1-C2 ). But Petitioner's request and motion were not granted. Petitioner then filed Petition for Writ of Certiorari with the Utah Supreme Court,  which was denied on August 15, 2022 without any reason given ( Appendix D).

## REASONS FOR GRANTING THE CERTIORARI

1). It was Respondent's faults of dishonesty and inconsistency that caused: (A) Petitioner's prepared testimony on the very accused sleeping incident on August 17, 2018 couldn't be given at hearing; (B) Petitioner couldn't remember immediately at hearing what Respondent was testifying for the changed version of the event.

2). Petitioner later recalled what Respondent was referring to or testifying about. Petitioner didn't sleep yet Respondent testified that she did. So Petitioner must testify on the very event for herself.

3). This is the fundamental constitutional right for everyone to testify for themselves if they wish. That ,of course, includes Petitioner. So the court cannot allow her basic right being taken away by unlawful and unjustified acts just as her life can't be taken away by illegal act of someone.

4).There are two aspects of due process: procedural due process and substantive due process. The procedural process aims to ensure fundamental fairness by guaranteeing a party the right to be heard. Meanwhile, substantive due process protects those substantive rights. Due process essentially guarantees that a party will receive a fundamentally fair, orderly, and just judicial proceeding.

5). The courts are the places to uphold the laws and protect the rights of the people in this land. But the state courts didn't give Petitioner the basic right to testify for herself. If this court also denies Petitioner's right to testify for herself, that will set the case law for future cases to follow. That means people in this land could not have legal right to testify themselves, and could not have the legal right to be heard. Whatever the accuser says is the case and facts. This can not happen, since the country must stand on the unshakable ground of

laws and the Constitution.

6). United States v. Gillenwater, 717 F. 3d 1070 ( 9th Cir. 2013); United States v. Vargas, 920 F. 2d 167 ( 2d Cir.1990 ); Nichols v. Butler, 953 F. 2d 1550 ( 11th Cir. 1992), all these case laws support Petitioner's right to testify for herself.

7). At last and above all, US Constitution 5th Amendment, 7th Amendment, 14th Amendment and 42 United States Code Section 1983 all guarantee Petitioner's illustrated right. They can not be violated. Otherwise there will be no law, no right , no human dignity.

## CONCLUSION

Petitioner respectfully asks the court to grant the Petition for Writ of Certiorari, so Petitioner can be on the path to have a trial of de novo.

Dated this the 14th day of September, 2022

Petitioner

/s/Keming Lu

## CERTIFICATE OF SERVICE

I, Keming Lu, Petitioner/Appellant, hereby certify that on September 14th, 2022, a true and correct copy of the attached PETITION FOR WRIT OF CERTIORARI was hand delivered to United States District Court, District of Utah at 351 South, West Temple, Room 1.100, Salt Lake City, Utah 84101and was emailed to the persons/parties at the following:

utdecf_clerk@utd.uscourts.gov

~~Utah Court of Appeals~~ *Utah Supreme Court*
~~courtofappeals@utcourts.gov~~ *supremecourt@courts.gov*

Mr. Nicholas Santucci
Ms. Kate Meade
Ms.Lisa Hogan
Email:nsantucci@bhfs.com
          KMeade@bhfs.com
          lhogan@bhfs.com

Ms. Kirsten R. Allen
kallen@fabianvancott.com

                                              Petitioner/ Appellant
                                              /s/Keming Lu