Lisa Hogan (16233)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Telephone: 303-223-1100
lhogan@bhfs.com

*Attorney for Defendant Northern Utah Healthcare d/b/a St. Mark's Hospital*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEMING LU,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN UTAH HEALTHCARE d/b/a ST. MARK'S HOSPITAL, et al.,<br><br>Defendants. | Case No. 2:22-cv-00602-DAO<br><br>**DEFENDANT NORTHERN UTAH HEALTHCARE D/B/A ST. MARK'S HOSPITAL'S MOTION TO DISMISS PLAINTIFF'S PETITION FOR WRIT OF CERTIORARI**<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Northern Utah Healthcare d/b/a St. Mark's Hospital ("Hospital" or "Defendant"), through undersigned counsel, moves to dismiss Plaintiff's Petition for Writ of Certiorari ("Petition"), which Plaintiff has apparently filed as her complaint, and in support states as follows:

**INTRODUCTION, RELIEF REQUESTED, AND GROUNDS FOR RELIEF**

Plaintiff has filed a Petition asking the federal district court to review the denial of a petition of a writ of certiorari by the Utah Supreme Court. Not only is this procedurally

improper, such that the federal district court does not have subject matter jurisdiction over the action, but the Petition contains no causes of action and seeks to re-litigate Plaintiff's Utah Antidiscrimination and Labor Division ("UALD") case against the Hospital.  That case, in which a two-day evidentiary hearing was held on April 29 and 30, 2021, raised identical issues as the Petition.  Although the relief that Plaintiff seeks in the Petition is not entirely clear, she appears to want a new trial because, despite her testimony (which lasted approximately seven hours), she allegedly remembered information after the trial.  Nevertheless, Plaintiff has already unsuccessfully appealed to the Utah Court of Appeals and the Utah Supreme Court.  Simply put, the Petition is subject to complete dismissal with prejudice because it lacks subject matter jurisdiction, fails to state a claim, and is barred by the doctrine of res judicata.

**Relief Requested**

The Hospital seeks dismissal of the Complaint with prejudice.

**Grounds for Relief**

This Court does not have subject matter jurisdiction over the Petition because the federal district court does not have jurisdiction to overturn a denial of a petition of writ of certiorari from the Utah Supreme Court.  The Petition also fails to state a claim upon which relief can be granted; the Petition contains no claims for relief and does not conform to the requirements of F.R.C.P. 8.  Finally, to the extent alleged, Plaintiff has already litigated her claims for race and national origin discrimination, harassment, and retaliation through the Utah Labor Commission, the Utah Court of Appeals, and the Utah Supreme Court.  The doctrine of res judicata applies and precludes Plaintiff from relitigating these same claims in federal court.

## STATEMENT OF RELEVANT FACTS

1. Plaintiff filed her Petitioner's Statement alleging causes of action against the Hospital for discrimination, retaliation, and harassment in violation of the Utah Anti-Discrimination Act. A two-day evidentiary hearing was held on April 29 and 30, 2021, wherein 12 hours of witness testimony was presented. Plaintiff's own testimony comprised more than half of that time. The parties submitted numerous exhibits, including a 16-page single-spaced letter written by Plaintiff to the UALD describing, in detail, her version of events. The parties submitted their written closing arguments and rebuttal closing arguments thereafter. The UALD issued its Order dismissing Petitioner's claims with prejudice on August 23, 2021. Exhibit 1.

2. On February 17, 2022, Plaintiff appealed to the Utah Court of Appeals. On April 5, 2022, the Utah Court of Appeals issued its Order of Summary Affirmance in which it found that Plaintiff failed to carry her burden of demonstrating that there was a substantial question for judicial review. Exhibit 2.

3. After the Order of Summary Affirmance was issued, Plaintiff filed a "Motion for Transferring the Case to District Court," without any legal basis. In its Order dated May 10, 2022, the Utah Court of Appeals denied the Motion for Transferring the Case to District Court, finding that Plaintiff's motion was "not well taken" and that there was "no provision in the Utah Rules of Appellate Procedure contemplating the relief that Petitioner seeks in transferring her completed administrative appeal to the district court for testimony." Exhibit 3.

4. The Court of Appeals issued its Remittitur on May 20, 2022. Plaintiff then filed a Petition for Writ of Certiorari with the Utah Supreme Court on June 8, 2022.

5. On August 15, 2022, the Utah Supreme Court denied the petition. Exhibit 4.

6. Rather than seeking review at the United States Supreme Court, Plaintiff filed the instant lawsuit in this Court, seeking review of the Utah Supreme Court (which she also listed as a defendant in this matter, alongside the Hospital).

7. However, subsequent to filing this lawsuit, on November 11, 2022, Plaintiff filed a petition for certiorari with the United States Supreme Court seeking review of the Utah Supreme Court's opinion. Exhibit 5.

## SUPPORTING AUTHORITY AND ARGUMENT

**1. No Subject Matter Jurisdiction Exists.**

The Court does not have subject matter jurisdiction over the Petition. Federal Rule of Civil Procedure 8(a) requires that a pleading "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." A pleading may be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Imaginarium LLC v. U.S. Small Bus. Admin.*, No. 2:21-CV-752-TS-DBP, 2022 WL 3043095, at *1 (D. Utah Aug. 1, 2022). The court may look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1). *Id.*

Here, Plaintiff asserts that this Court has jurisdiction over the Petition under 42 U.S.C. § 1983. *See* Pet. at 5. Section 1983 does not provide a jurisdictional basis for this action. Namely, Section 1983 does not provide a mechanism for this Court to review the Utah Supreme Court's denial of her petition for writ of certiorari to the Utah Supreme Court. The Hospital has additionally been unable to locate, and Plaintiff has not provided, any authority that would allow

this Court to hear an appeal of a fully-litigated and decided UALD action that has been appealed to the Utah Court of Appeals and Utah Supreme Court. The Utah Court of Appeals came to the same conclusion in denying Plaintiff's Motion for Transferring the Case to District Court. *See* Ex. 3. Moreover, Plaintiff is pursuing a parallel appeal to the United States Supreme Court raising the same issues. *See* Ex. 5.

      Therefore, the Petition should be dismissed for lack of subject matter jurisdiction. *See Andra v. Arbon*, No. 1:22-cv-00055, 2022 WL 3357863, at *1-2 (D. Utah June 6, 2022) (dismissing a complaint because no basis for subject matter jurisdiction was apparent).

    **2. The Petition Fails to State a Claim and Does Not Meet the Rule 8 Standard.**

      The Petition does not assert any causes of action and should be denied on that basis. Federal Rule of Civil Procedure 8(a) requires that a pleading "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." When the complaint fails "to state a claim upon which relief can be granted," the defendant may move for the claim's dismissal under Federal Rule of Civil Procedure 12(b)(6). *BMF Advance, LLC v. Litiscape, LLC*, No. 2:21-cv-00103-DBB-DBP, 2022 WL 14644642, at *2 (D. Utah Oct. 25, 2022). For purposes of resolving a Rule 12(b)(6) motion, the court accepts as true all well-pleaded factual allegations in a complaint and views the allegations in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). However, a pleading that offers labels and conclusions, naked assertions devoid of further factual enhancement, or a formulaic recitation of the elements of a cause of action does not meet the well-pleaded complaint standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Rather, a "complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'"

5

*Santa Fe All. for Pub. Health & Safety v. City of Santa Fe, New Mexico*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Even viewing the Petition in the light most favorable to Plaintiff, there are no claims for relief. Plaintiff states that she wants a trial de novo – even though she already had a full trial adjudicating her claims against the Hospital at the UALD – but there are no causes of action contained in Plaintiff's Petition. Plaintiff makes various conclusory statements as to alleged violations of her constitutional rights and provides citations to various statutes and constitutional provisions but does not identify any specific claim upon which she is seeking relief. She seems to argue that she did not "testify for herself" during the UALD adjudication; however, in that action, Plaintiff provided approximately seven hours of her own testimony concerning her discrimination, harassment, and retaliation claims against the Hospital. Plaintiff admits that she did testify but that the testimony of a Hospital employee caught her "off guard." Pet. at 7. Simply put, viewing the Petition in the light most favorable to Plaintiff, there are no claims asserted against the Hospital, which fails the *Iqbal/Twombley* standard as well as Rule 8.

Plaintiff's Petition is subject to dismissal under Rule 12(b)(6) for failure to state a claim.

3. **Plaintiff's Action Is Barred by Res Judicata, and She Should Not Be Granted Leave to Amend.**

The Petition should be dismissed with prejudice because Plaintiff is attempting to re-litigate claims that were already fully litigated at the UALD and appealed through the Utah Court of Appeals and Utah Supreme Court; to that end, this action is barred by res judicata. "Res judicata encompasses two distinct doctrines: claim preclusion and issue preclusion." *Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 33, 73 P.3d 325 (citing *Miller v. USAA Cas. Ins. Co.*, 2002

6

UT 6, ¶ 57, 44 P.3d 663). "Claim preclusion involves the same parties or their privies and also the same cause of action, and this precludes the re[-]litigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action." *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 19, 16 P.3d 1214 (internal quotations omitted). To that end, as is the case here, "an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." *Reeder v. Fed. Express Corp.*, No. 2:17-cv-01195-DB-PMW, 2019 WL 1333114, at *4 (D. Utah Feb. 26, 2019).

With respect to claim preclusion, there are three elements: (1) both suits must involve the same parties or their privies, (2) the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action, and (3) the first suit must have resulted in a final judgment on the merits. *Peterson v. Armstrong*, 2014 UT App 247, ¶ 11, 337 P.3d 1058.

Here, Plaintiff asserted claims for discrimination, harassment, and retaliation against the Hospital at the UALD. Plaintiff alleges the same issues in her Petition. Plaintiff claims in her Petition that "the state courts didn't give [her] the basic right to testify for herself." This is blatantly untrue as Plaintiff, who is pro se, provided approximately seven hours of testimony during the administrative hearing and submitted into evidence a 16-page single-spaced letter that she wrote describing, in detail, her version of events. The UALD provided a final judgment ruling in favor of the Hospital on all of Plaintiff's claims. Ex. 1. This ruling was affirmed by the Utah Court of Appeals and the Utah Supreme Court. *See* Exs. 2, 3, and 4. Plaintiff exhausted

her state court appeals and now seeks to re-litigate the same case against the Hospital in federal district court, which res judicata prohibits.

Accordingly, any relief to which Plaintiff is requesting is barred by res judicata, and on that basis Plaintiff should not be permitted to amend the Petition.

## **CONCLUSION**

For the foregoing reasons, the Hospital respectfully requests that the Court dismiss the Petition pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6), with prejudice, and without leave to amend.

Respectfully submitted this 22nd day of November, 2022.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

*s/Lisa Hogan*
Lisa Hogan (16233)
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Telephone: 303-223-1100
lhogan@bhfs.com

*Attorney for Defendant Northern Utah Healthcare d/b/a St. Mark's Hospital*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2022, a true and correct copy of the foregoing **DEFENDANT NORTHERN UTAH HEALTHCARE D/B/A ST. MARK'S HOSPITAL'S MOTION TO DISMISS PLAINTIFF'S PETITION FOR WRIT OF CERTIORARI** was filed through CM/ECF which will send service to the following:

Keming Lu
4531 Green Vista Court
Salt Lake City, UT 84107
kemingxj@yahoo.com

*Pro Se Plaintiff*

*s/Kate M. Meade*
Kate M. Meade, Paralegal
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 17th Street, Suite 2200
Denver, CO 80202
303-223-1100; *fax* 303-223-1111

24910604